BYBEE, Circuit Judge, dissenting:
I agree with the majority that Gonzalez-Melchor did not waive his right to appeal, but I disagree that we cannot decide whether Gonzalez-Melchor suffered prejudice from the IJ’s failure to inform him of his eligibility for voluntary departure. See United States v. Ubaldo-Figueroa, 364 F.3d 1042, 1050 (9th Cir.2004) (“Where ... the record regarding the equities to be balanced ... is complete and the district court has already decided the issue of prej *276 udice, we need not remand to the district court for further consideration.”)- The immigration judge (“IJ”) asked Gonzalez-Melchor the core questions relevant to voluntary departure, giving him an opportunity to present the primary factors relevant to a voluntary departure determination: U.S. family relations, employment, time in the United States, and conviction record. See Campos-Granillo v. INS, 12 F.3d 849, 852 n. 8 (9th Cir.1993) (listing factors relevant to a determination of voluntary departure). From the information Gonzalez-Melchor provided the IJ, we know he had few ties to the United States, no family here, and that he had frequently crossed the border without inspection. In my view, these equities are insufficient to support a plausible claim for voluntary departure. Accordingly, I would not find prejudice, and I would affirm.